UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ENERGY DRILLING, LLC, CONTRACT LITIGATION             MDL No. 2650


ORDER DENYING TRANSFER


**Before the Panel:** Energy Drilling, LLC (Energy) and Gerald K. Smith (a/k/a Gary Smith), Ray Ash, Robert Jennings, Austin Smith, and Rod Esson move under 28 U.S.C. § 1407 to centralize the two actions listed on the attached Schedule A in the District of Wyoming. The actions are pending in that district and the District of Utah. Energy is the plaintiff in the Wyoming action, and the individual movants are defendants in the Utah action. Gary Smith, who is Energy's chief executive officer, also is a third-party defendant in the Wyoming action.[1] Pacific Energy & Mining Company (Pacific), which is the defendant/third-party plaintiff in the Wyoming action, and Dean H. Christensen, who is the *pro se* plaintiff in the Utah action, oppose centralization.

After considering the parties' arguments, we deny centralization. The two actions do share certain factual issues concerning the performance of a May 8, 2014, contract under which Energy agreed to drill a well for Pacific in Grand County, Utah, a well in which Christensen asserts that he has an ownership interest. But the common factual issues essentially are limited to allegations that Energy, Gary Smith, and/or Energy employees (1) engaged in, or encouraged others to engage in, conduct that unnecessarily prolonged the drilling operation, and (2) induced one or more trucking companies to falsify their invoices. The complaint in the Utah action, contains unique and expansive allegations that Energy is a shell company, that the individual defendants operated a Ponzi scheme, and that defendants Smith, Austin, and Jennings slandered and libeled Christensen. Given this limited factual overlap and the minimal number of actions, creation of an MDL is not warranted. Informal coordination and cooperative efforts by the parties and involved courts can minimize or eliminate duplicative discovery and other pretrial proceedings. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litig., Fourth, § 20.14 (2004).

---

[1] In the Section 1407 motion, movants aver that all defendants in the Utah action are or were members or employees of Energy.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: ENERGY DRILLING, LLC, CONTRACT LITIGATION**  MDL No. 2650

## SCHEDULE A

<u>District of Utah</u>

CHRISTENSEN v. SMITH, ET AL., C.A. No. 2:14-00784

<u>District of Wyoming</u>

ENERGY DRILLING, LLC v. PACIFIC ENERGY & MINING COMPANY, C.A. No. 1:14-00186